UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| FERNANDO MILLSAP, | ) | No. CV 11-08268-GHK (VBK) |
| | ) | |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS FOR LACK |
| v. | ) | OF SUBJECT MATTER JURISDICTION |
| | ) | |
| TIM VIRGA, | ) | |
| | ) | |
| Respondent. | ) | |

On October 5, 2011, Fernando Millsap (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254. Petitioner was convicted on May 31, 2002 in Los Angeles County Superior Court Case No. BA-204833 of first degree murder in violation of California Penal Code ("PC") §187(a). The jury also found true the allegations that Petitioner personally used a firearm in the commission of the homicide pursuant to PC §§12022.5(a)(1) and 12022.53(b)-(d), and that the murder was gang related pursuant to §186.22(b)(1). (See Petition at 2.) Petitioner has raised the following claims in his Petition: (1) Petitioner is actually innocent of the crime for which he was convicted. Petitioner has discovered new evidence that serves to

establish his innocence and also undermines the entire case presented by the prosecution; and (2) Petitioner received ineffective assistance of counsel. (Petition at 5; attached pages.)

It appears from the face of the petition that it is directed to the same 2002 Los Angeles County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on December 9, 2004, in <u>Fernando Millsap v. Scott Kernan</u>, Case No. CV 04-10027-GHK (VBK).[1] On November 3, 2005, Judgment was entered in Case No. CV 04-10027-GHK (VBK) denying the petition with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

On January 10, 2006, Petitioner filed a "Notice of Appeal." On January 31, 2006, the District Court issued an Order Denying Certificate of Appealability.

On April 25, 2007, the United States Court of Appeals for the Ninth Circuit issued an Order denying the Request for a Certificate of Appealability.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-

---

[1] The Court takes judicial notice of its own files and records. See <u>Mir v Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988). On December 9, 2004, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" which was given Case No. CV 04-10027-GHK (VBK). In this petition, Petitioner raised the following claims: "(1) Insufficient evidence supported the jury's true finding that Petitioner personally fired a firearm that killed Darryl Cooper (Ground One); (2) Insufficient evidence supported the gang enhancement (Ground Two); (3) The trial court erred by permitting a gang expert to state his opinion that the murder benefitted a criminal gang (Ground Three); (4) Trial counsel rendered ineffective assistance by failing to object to the gang expert's testimony (Ground Four); and (5) The trial court violated the principles of the doctrine of merger by sentencing the petitioner to both first degree murder and the gun enhancement (Ground Five). (Petition at 6-7D.)

132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows:

> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>."
> (Emphasis Added.)

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. §2244(b). Thus, it was

3

incumbent on Petitioner under §2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.  Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   10/17/11                  _____
                                   GEORGE H. KING
                                   UNITED STATES DISTRICT JUDGE

Presented on
October 6, 2011 by:


_____/s/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

4